UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Ella Costa, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:24-cv-12734-IT |
| | * | |
| Asbed Guekguezian, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER OF DISMISSAL

November 7, 2024

TALWANI, D.J.

On October 30, 2024, Plaintiff Ella Costa filed an Amended Complaint [Doc. No. 8] alleging defamation of character, perjury, and fraud on the part of the Defendants. Plaintiff claims that this court has jurisdiction pursuant to 28 U.S.C. § 1332, on the grounds that "there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." See Am. Compl. at 2, ¶ 3 [Doc. No. 8]; see also Compl. at 2, ¶ 3 [Doc. No. 1].

On November 6, 2024, this court entered an Order to Show Cause [Doc. No. 12] explaining that Plaintiff had made no showing that the parties in this action are of diverse citizenship and ordering Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. In her Response to Order to Show Cause ("Response") [Doc. No. 13], Plaintiff states that "all parties involved in this dispute, including [Plaintiff], are residents of Massachusetts." Response at 1. Where the parties are from the same state, rather than from different states, this court lacks subject matter jurisdiction based on diversity of citizenship.

Plaintiff's Response asks that the case "be retained within the jurisdiction of the federal courts," id. at 4, and refers to federal criminal laws that Plaintiff asserts apply to Defendants'

actions, including: (1) 18 U.S.C. § 873 (Blackmail); (2) 18 U.S.C. § 1512 (Tampering with a Witness, Victim, or an Informant); and (3) 18 U.S.C. § 1621 (Perjury), id. at 3-4. "A court has federal-question jurisdiction over cases that 'aris[e] under' federal law." Tyngsboro Sports II Solar, LLC v. National Grid USA Service Co., Inc., 88 F.4th 58, 64 (1st Cir. 2023) (quoting 28 U.S.C. § 1331). "This power is limited, however, by the so-called 'well-pleaded complaint' rule, which requires that a federal matter appear 'on the face' of a plaintiff's complaint." Id. (quoting Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Environmental Management, 585 F.3d 42, 48 (1st Cir. 2009)). Plaintiff's Amended Complaint does not allege violations of these federal statutes. Moreover, these statutes, as criminal statutes, do not provide private civil causes of action and thus cannot be the basis of this court's subject matter jurisdiction over this action.

For the foregoing reasons, the court lacks subject matter jurisdiction over this matter. Plaintiff's Amended Complaint [Doc. No. 8] therefore is DISMISSED without prejudice. This case is CLOSED.

IT IS SO ORDERED.

November 7, 2024                           /s/ Indira Talwani
                                           United States District Judge